BENJAMIN B. WAGNER
United States Attorney
JARED C. DOLAN
CHRIS S. HALES
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-00126-MCE |
| Plaintiff, | |
| v. | APPLICATION AND ORDER FOR MONEY JUDGMENT |
| CAPITAL SWEEPSTAKES SYSTEMS, INC., | |
| Defendant. | |

1. On July 30, 2015, the United States and defendant Capital Sweepstakes Systems, Inc., entered into a plea agreement in which the defendant agreed to pay a forfeiture money judgment in the amount of $1,600,000.00 pursuant to Fed. R. Crim. P. 32.2(b), 18 U.S.C. §§ 981(a)(1)(C), 981(a)(2)(B) and 28 U.S.C. § 2461(c).

2. As part of their plea agreement with the United States, defendant Capital Sweepstakes Systems, Inc. agreed to forfeit voluntarily and immediately $1,600,000.00, as a personal money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1), which reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained as a result of a violation of 18 U.S.C. § 1955, to which they have pled guilty. See Capital Sweepstakes Systems, Inc.'s Plea Agreement ¶ II.F.  The United States hereby applies for entry of a money judgment as follows:

3. Pursuant to 18 U.S.C. § 981(a)(1)(C), 981(a)(2)(B), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose a personal forfeiture money judgment against defendant

1 | Capital Sweepstakes Systems, Inc. in the amount of $1,600,000.00. The money judgment shall be
2 | satisfied fully with the funds seized by the United States in connection with *United States v.*
3 | *Approximately $1,539,136.57, et al., 2:14-MC-00134-MCE-EFB* as follows:

    a. Approximately $104,768.98 of the $283,254.08 seized from Wells Fargo Bank Account Number XXXXXX2466,

    b. Approximately $74,003.44 seized from Wells Fargo Bank Account Number XXXXXX5591,

    c. Approximately $41,527.78 seized from Wells Fargo Bank Account Number XXXXXX7603,

    d. Approximately $2,572.81 seized from Wells Fargo Bank Account Number XXXXXX7229,

    e. Approximately $8,741.55 seized from Nevada State Bank Account Number XXXXXX0904,

    f. Approximately $189,924.04 seized from Nevada State Bank Account Number XXXXXX3143,

    g. Approximately $365,442.11 seized from Nevada State Bank Account Number XXXXXX3150,

    h. Approximately $289,136.57 seized from Wells Fargo Bank Account Number XXXXXX3247,

    i. Approximately $98,120.66 seized from Wells Fargo Bank Account Number XXXXXX0017,

    j. Approximately $3,643.68 seized from Wells Fargo Bank Account Number XXXXXX8108,

    k. Approximately $404,561.37 of the $1,613,151.62 seized from Merrill Lynch Account Number XXXXXX4618, and

    l. Approximately $17,557.01 seized from Five Star Bank Account Number XXXXXX7280.

4. The above-referenced personal forfeiture money judgment is imposed based on defendant Capital Sweepstakes Systems, Inc.'s conviction for violating 18 U.S.C. § 1955. Said amount reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained, which the defendant agreed is subject to forfeiture based on the offense of

///

///

///

conviction.  Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.

DATED: 10/22/2015  　　　　　　　　　　BENJAMIN B. WAGNER
　　　　　　　　　　　　　　　　　　　　United States Attorney


 /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney


**O R D E R**

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against defendant Capital Sweepstakes Systems, Inc. in the amount of $1,600,000.00.  Any funds applied towards such judgment shall be forfeited to the United States and disposed of as provided for by law.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

　　　　IT IS SO ORDERED.

DATED:  November 10, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT